Howard Murphy v. Commissioner.
Murphy v. Commissioner
Docket No. 110276.
United States Tax Court
1943 Tax Ct. Memo LEXIS 410; 1 T.C.M. (CCH) 757; T.C.M. (RIA) 43120; March 10, 1943
*410 Howard Murphy, pro se. Thomas M. Mather, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: This proceeding is for the redetermination of deficiencies in income tax and penalties as follows: Year
Deficiency
25% Penalty
1937
$17.28
$4.32
1938
17.31
4.33
1939
17.28
4.33
1940
19.03
1.47
The only point in issue is whether the petitioner is entitled to deduct from gross income in his income tax return of each year $480 paid for meals and lodging while traveling for his employer. [The Facts] The petitioner is a resident of California. He filed his income tax returns for the years 1937 to 1940 with the collector at San Francisco. The petitioner is employed by Scott & Gilbert Co., of San Francisco, as traveling salesman, on commission, with no reimbursement for traveling expenses. He sells on a commission basis drugs, and sundries and household notions. His territory lies principally between Sacramento and Redding, California, although it extends into the State of Nevada. He is engaged as traveling salesman about 50 weeks during the year. He travels from place to place by automobile. He is at regular hotels every 30 days at Sacramento, Marysville, *411 Chico, Red Bluff, and Redding. His entire gross income consists of commissions paid to him by Scott & Gilbert Co. The gross amount of the commissions received in 1937 was $2,752, in 1939 $2,710.22, and in 1940 $2,468.46. From the gross income of each year the petitioner deducted cost of oil and gas and other automobile expenses and in addition $480 each year paid for meals and lodging. The total amounts spent by the petitioner each year for meals and lodging while traveling for his employer was not less than $1,080. He assumed that if he resided in one location his living expenses would not have been in excess of $600 a year. He claimed the excess paid of $480 as traveling expenses which are a legal deduction from gross income under the provisions of the revenue acts which permit the deduction from gross income of "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business." The petitioner has no permanent place of abode. This fact was ascertained by the revenue agent who examined *412 his income tax returns for the taxable years in question in this proceeding. The respondent disallowed the deduction of $480 for each of the calendar years under review stating in his deficiency notice: It is held that inasmuch as you did not maintain a home in any particular place, you were not "away from home in pursuit of a trade or business" as required by section 23 (a) of the Revenue Act of 1936, and, consequently, you are not entitled to the deduction claimed. [Opinion] The evidence shows conclusively that the petitioner paid traveling expenses during each of the calendar years 1937 to 1940, inclusive, in excess of $480 per year. He is however, claiming the deduction of only $480 on this item. It appears that the sole ground for the disallowance of the deduction by the respondent was that the petitioner did not have a permanent place of abode. We think, however, that the statute is not to be thus narrowly construed. A traveling man is not to be denied the deduction of traveling expenses simply because he is so unfortunate as to have no home. In the instant proceeding the petitioner's home must be deemed to be in the city of his employer - San Francisco. Action of *413 the respondent in disallowing the deduction of $480 traveling expenses for each taxable year is reversed. Since the deficiencies in income tax and penalties arise solely from the disallowance of the deduction of the $480 for traveling expenses. Decision of no deficiencies will be entered.